IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:08CR82

TAVARRAS RHODES

**MEMORANDUM OPINION**

Tavarras Rhodes, a federal inmate proceeding pro se, submitted this motion and a supporting memorandum under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Rhodes raises the following claims for relief:

Claim 1   Trial counsel provided ineffective assistance by failing to object to the presentation of the partial police tape during trial.

Claim 2   Appellate counsel provided ineffective assistance by asking Rhodes to sign a waiver allowing co-defendant's counsel to submit a joint appellate brief resulting in a conflict of interest.

The Government has responded. Rhodes has replied. The matter is ripe for disposition.

**I.  FACTUAL AND PROCEDURAL HISTORY**

The grand jury charged Rhodes with one count of conspiracy with intent to distribute and possess with intent to distribute one hundred (100) grams or more of a substance containing a detectable amount of heroin, and one count of possession with intent to distribute one hundred (100) grams or more of a

substance containing a detectable amount of heroin. On March 21, 2008, Rhodes's co-defendant moved to suppress the seizure and subsequent statements of both defendants based upon an unlawful traffic stop. On March 25, 2008, Rhodes's counsel moved to join in and adopt the motion to suppress due to identical circumstances and facts. On April 23, 2008, the Court conducted a hearing on the Motion to Suppress during which the Court received testimony of the arresting officer and reviewed the entirety of the videotape of the traffic stop. The Court granted Rhodes's motion to join, and denied the Motion to Suppress finding justification for the traffic stop and finding probable cause to search the car. (Apr. 23, 2008 Tr. 36-38.) Before trial, counsel for Rhodes's co-defendant filed a Motion to Reconsider the Motion to Suppress arguing again the illegality of the traffic stop, in which Rhodes moved to join. The Court granted Rhodes's motion to join, again reviewed the videotape of the traffic stop, and denied the Motion to Reconsider the Motion to Suppress.

On August 5, 2008, a jury found Rhodes guilty of both counts. The Court sentenced Rhodes to 324 months of imprisonment.

On appeal, counsel for Rhodes and counsel for his co-defendant jointly filed a brief challenging the Court's denial

of the Motion to Suppress, arguing the police lacked probable cause to conduct a search of the vehicle. The United States Court of Appeals for the Fourth Circuit consolidated the cases on appeal. On October 28, 2009, Rhodes executed a consent form, permitting counsel for co-defendant to argue the case on appeal. (Gov't's Resp. § 2255 Mot. (Docket No. 128) Ex. 1, at 2).)[1] On January 28, 2010, the Fourth Circuit upheld the denial of the suppression motion and affirmed the judgment of the district court against Rhodes. United States v. Rhodes, 592 F.3d 572, 583, 585 (4th Cir. 2010).

## II. ALLEGED INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting

---

[1] Where a document lacks pagination, the Court employs the page numbers assigned to this document by the Court's CM/ECF docketing system.

3

Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

### A. The Motion To Suppress

Rhodes faults counsel for not objecting to the partial presentation of the videotape of the traffic stop during trial. (Mem. Supp. § 2255 Mot. (Docket No. 125) 2.) Rhodes contends that if the jury viewed the tape in its entirety, "the illegality of the traffic stop would have been shown and the arrest ruled illegal."[2] (Id.) In his Response, Rhodes clarifies: "We are not arguing of the Court seeing it at the suppression hearing, but the jury seeing it at the trial." (Rhodes Resp. (Docket No. 130) 2.) Rhodes fails to specify why viewing the entire tape, as opposed to portions of the tape, would demonstrate the illegality of the stop. Rhodes also fails

---

[2] The Court corrects capitalization in quotations from Rhodes's submissions.

4

to identify the portions of the tape omitted from trial.[3] Thus, Rhodes cannot establish either deficiency or prejudice.

In any event, counsel reasonably eschewed objecting to the partial viewing of the videotape at trial. Counsel moved to suppress the evidence of the traffic stop, and the Court denied the motion. Before trial, counsel moved to reconsider the Court's denial of the suppression motion, and the Court again denied that motion. While Rhodes believes that counsel deficiently failed to object to the presentation of the partial videotape of the traffic stop during trial, the Court previously ruled on the Fourth Amendment issues after the suppression hearing, and again in the motion to reconsider, and found probable cause supported the traffic stop.[4] Moreover, the Court makes evidentiary rulings on the legality of the traffic stop, not the jury. See Fed. R. Crim. P. 12(b)(3)(C). Rhodes fails to demonstrate how any allegedly omitted aspects of the traffic stop were probative of his innocence.

---

[3] The Court admitted into evidence the videotape in its entirety for the jury to review. Thus, Rhodes cannot show prejudice. (Ex. List (Docket No. 52) 1.)

[4] To the extent Rhodes seeks to re-litigate the legality of the traffic stop, the Fourth Circuit rejected this argument and Rhodes fails to direct the Court to an intervening change of law that would permit re-litigation of these claims. See United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

Rhodes fails to demonstrate deficiency or prejudice, thus, Claim One will be dismissed.

B. **Rhodes's Appeal**

In Claim Two, Rhodes argues that counsel provided ineffective assistance on appeal when he jointly filed a brief with counsel for Rhodes's co-defendant. Rhodes contends that "[a]n examination of the briefs filed to the U.S. Court of Appeals will show they were simply tailored to present arguments for" his co-appellant. (Mem. Supp. § 2255 Mot 2.) Rhodes believes that after "[r]eading the brief, it was not as, in my opinion worded or built for both of us, my codefendant and me. In fact my sentence and conviction were affirmed while my codefendant's were vacated and remanded back to court." (Rhodes Resp. 2.) Rhodes concedes that he signed a waiver allowing co-defendant's counsel to argue the case before the Fourth Circuit, however contends that the Court should set aside the waiver because counsel failed to argue "certain issues on appeal." (Mem. Supp. § 2255 Mot. 3.)

Again, Rhodes neither identifies why he believes counsel tailored the appellate briefs to Rhodes's disadvantage nor supplies plausible arguments he believes counsel failed to raise on appeal. To the extent Rhodes believes the favorable appeal for his co-defendant evidences this purported "conflict" in the

6

appellate brief, the Fourth Circuit vacated and remanded Rhodes's co-defendant's sentence on an issue unrelated to the Fourth Amendment issue Rhodes advanced on appeal and in his § 2255 Motion. See United States v. Rhodes, 592 F.3d 572, 582-85 (4th Cir. 2010). Thus, Rhodes fails to demonstrate deficiency or prejudice with respect to Claim Two. Accordingly, Claim Two will be dismissed.

### III. MOTIONS TO APPOINT COUNSEL AND AMEND

On August 8, 2012, Rhodes submitted a Motion to Appoint Counsel in which he also seeks to amend his § 2255 Motion to add a claim pursuant to United States v. Simmons, 649 F.3d 237, 241 (4th Cir. 2011),[5] and the "2 Point 'Recency Act'" ("Motion to Amend").

---

[5] In Simmons, the United States Court of Appeals for the Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history.

United States v. Powell, 691 F.3d 554, 556 (4th Cir. 2012) (citing Simmons, 649 F.3d at 241).

### A. Motion to Amend

In his brief submission, Rhodes contends:

> I find myself to be or appear to be eligible for relief or reduction of my sentence through Simmons v. U.S.[,] 130 S.Ct[.] 3455 . . . . I do not recall being sentenced to more than twelve months on my previous record before this current case, never served more than such. That under federal law . . . does not constitute a felony.
> . . . .
> [Rhodes] seek[s] to amend my current petition of § 2255 concerning case number 3:08CR82-REP. Simmons v. U.S. . . . came after my last pleading which is why I would like to amend my petition to include a new claim that was not cognizable at the time I filed my original § 2255 with the Court.

(Mot. Amend 1-2.). First, Rhodes's unsworn allegations cannot constitute a basis for habeas relief. See Venable v. Ray, No. 3:07cv203, 2008 WL 3843448, at *6, n.6 (E.D. Va. Aug. 15, 2008) (citing United States v. LaBonte, 70 F.3d 1396, 1423 (1st Cir. 1995), overruled on other grounds, 520 U.S. 751 (1997)). "A habeas application must rest on a foundation of factual allegations presented under oath, either in a verified petition or supporting affidavits. See, e.g., Rule 2, Rules Governing Section 2255 Proceedings, 28 U.S.C. § 2255. Facts alluded to in an unsworn memorandum will not suffice." Id. (quoting LaBonte, 70 F.3d at 1423). Moreover, the Court appropriately denies as futile leave to amend, when the statute of limitations bars the new claim. See Ingram v. Buckingham Corr. Ctr., No. 3:09CV831,

2011 WL 1792460, at *1 (E.D. Va. May 5, 2011). As discussed below, the statute of limitations bars Rhodes's claim.

1. **Statute of Limitations**

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Rhodes's convictions became final on Wednesday, April 28, 2010, the last date to file a petition for a writ of certiorari

9

with the Supreme Court. See Clay v. United States, 537 U.S. 522, 527-28 (2003); Sup. Ct. R. 13(1). Rhodes then had one year, or until Thursday, April 28, 2011 to file a motion pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). Indeed, on January 13, 2011, Rhodes filed his § 2255 Motion within the statute of limitations.[6] (§ 2255 Mot. 13.) However, Rhodes filed his Motion to Amend on August 8, 2012 (Mot. Amend 2) over two years after his conviction became final. See Houston, 487 U.S. at 276. Because Rhodes failed to file his Motion to Amend within the one-year limit, the statute of limitations bars the motion unless Rhodes demonstrates entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2255(f)(2)-(4), entitlement to equitable tolling,[7] see United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)), or the new claim relates back to the claims in the § 2255 Motion, see United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

## 2. Belated Commencement

Apparently, Rhodes believes that, pursuant to Simmons, some unidentified prior convictions no longer qualify as predicate

---

[6] The Court deems an inmate's motion filed on the date it is handed to prison staff for mailing. Houston v. Lack, 487 U.S. 266 (1988).

[7] Moreover, neither Rhodes nor the record suggests circumstances that warrant equitable tolling.

offenses to enhance his federal sentence. The Court construes Rhodes's Motion to argue timeliness of his amendment under § 2255(f)(3). The provision provides that the limitation period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. 2255(f)(3). The Fourth Circuit, however, concluded that the rule announced in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010),[8] and, in turn, Simmons fails to satisfy § 2255(f)(3). Powell, 691 F.3d at 559-60 ("We hold that Carachuri is a procedural rule [and] is, therefore, not retroactively applicable to cases on collateral review.") Thus, Rhodes lacks entitlement to a belated commencement under § 2255(f)(3).

Because Rhodes fails to demonstrate any meritorious grounds for belated commencement or equitable tolling, the statute of limitations bars the amendment unless the claim relates back to a claim in the original § 2255.

---

[8] In Carachuri-Rosendo, the Supreme Court held that "whether a prior conviction is an 'aggravated felony' as used in the Immigration and Nationality Act ('INA') must be resolved by looking at the offense for which the defendant was actually convicted, not the offense for which he could have been convicted in view of his conduct." Powell, 691 F.3d at 555.

11

### 3. Relation Back

Because the rules governing Section 2255 Proceedings provide no procedure for amending motions, courts apply Rule 15 of the Federal Rules of Civil Procedure to motions to amend in a § 2255 case. Pittman, 209 F.3d at 317. Rule 15 allows for amendments to the petition after the one-year statute of limitations, provided the amendment relates back to the original timely filed petition. A claim relates back if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

An amended claim "does not relate back (and thereby escape[s] AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). In this regard, it is not sufficient that the new claim simply "has the same form as the original claims," if the new claim "arises out of wholly different conduct." Pittman, 209 F.3d at 318.

In his original § 2255 Motion, Rhodes brings two claims of ineffective assistance of counsel attacking counsel's performance during trial and on appeal. Rhodes's new claim attacks his sentence. This claim differs in both time and type

12

from the claims raised in the original § 2255 Motion. Thus, the new claim fails to relate back to Rhodes's timely filed claims. Accordingly, Rhodes's Motion to Amend (Docket No. 143) is untimely and will be denied.

### B. Appointment of Counsel

With regard to Rhodes's Motion to Appoint Counsel, petitioners possess no constitutional right to appointed counsel in post-conviction proceedings. Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. See 28 U.S.C. § 2254(h); 18 U.S.C. § 3006(A). Upon review of Rhodes's pleadings, the Court concludes that the issues in this matter lack complexity and the interests of justice do not require the appointment of counsel. Accordingly, the Motion to Appoint Counsel (Docket No. 143) will be denied.

### IV. CONCLUSION

For the foregoing reasons, Rhodes's claims will be dismissed. Rhodes's Motion to Appoint Counsel and Amend (Docket No. 143) will be denied. Rhodes's § 2255 Motion (Docket No. 124) will be denied and the action will be dismissed. A certificate of appealability ("COA") will be denied.[9]

---

[9] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a COA. 28 U.S.C.

The Clerk is directed to send a copy of this Memorandum Opinion to Rhodes and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: January 14, 2013
Richmond, Virginia

---

§ 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Rhodes fails to satisfy this requirement.

14