

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:08cr82-2

TAVARRAS RHODES,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court pursuant to Defendant's MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c) (ECF No. 196). For the reasons set forth herein, Defendant's motion will be denied.

### I. PROCEDURAL BACKGROUND

Defendant Tavarras Rhodes ("Rhodes") is currently serving a term of imprisonment of 324 months, having been convicted at trial of Conspiracy to Distribute 100 grams or more of Heroin and Possession with the Intent to Distribute 100 grams or more of Heroin in violation of 21 U.S.C. §§ 846 and 841(a). The Presentence Report (ECF No. 192-1, "PSR") recommended that, based on two prior North Carolina convictions for possession with the intent to manufacture, sell, and deliver ("PWIMSD") heroin, Rhodes qualified for a sentencing enhancement under the career offender guidelines, U.S.S.G. § 4B1.1(b)(1). (PSR ¶ 33). Given his criminal history category of VI, Rhodes' advisory

guideline range was 360 months to life imprisonment under the career offender guidelines. Id. at ¶ 71. This Court granted Rhodes' motion for a downward variance, and imposed a sentence of 324 months on November 7, 2008. (ECF No. 77).

On February 24, 2011, Rhodes filed a motion to vacate his sentence under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. (ECF No. 124). On August 13, 2012, Rhodes filed a motion to amend, seeking to add a claim that the several of the predicate offenses used to classify him as a career offender were no longer felonies for that purpose pursuant to the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.ed 237 (4th Cir. 2011). (ECF No. 143). The Court denied Rhodes' original petition as well as his motion to amend, finding with regard to the latter that his Simmons claim was barred by the one-year statute of limitations, that it did not relate back to the claims set forth in the original petition, and that Rhodes was not entitled to either belated commencement or equitable tolling. (ECF Nos. 149, 150). This Court's opinion was affirmed on appeal. (ECF Nos. 159, 160).

On August 10, 2015, Rhodes filed the pending motion, arguing that his sentence is no longer proper under 18 U.S.C. § 3582(c)(2) as a result of the Fourth Circuit's decision in Simmons. (ECF No. 196). Rhodes also argues that "Amendment 782 lowers Mr. Rhodes' sentencing range and a reduction in his

sentence is consistent with the applicable policy statements." (Def. Mot. at 6). The Government responded (ECF No. 197), and this Court ordered supplemental briefing on whether Rhodes is, in fact, eligible for career offender status. (ECF No. 199). Supplemental briefing has been completed, and Rhodes' motion is now ripe for review.

## II. DISCUSSION

Rhodes contends that, because his classification as a career offender is improper under current Fourth Circuit precedent, Amendment 782 to the Sentencing Guidelines applies, and that, therefore, he is eligible for a substantial sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Def. Mot. at 3-5). However, Amendment 782 does not apply in this case, and Rhodes does not meet the criteria for a sentence reduction under § 3582(c)(2). For that reason, his motion must be denied, and the Court does not reach the question whether Rhodes' prior North Carolina convictions constitute proper predicate felonies under current Fourth Circuit doctrine.

Pursuant to 18 U.S.C. § 3582(c), "a court may not modify a term of imprisonment once it has been imposed," except in very limited circumstances, including when the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Fourth Circuit has

3

repeatedly held that Amendment 782 to the Sentencing Guidelines, which reduced the offense levels applicable to drug offenses (pertinently, U.S.S.G. § 2D1.1), does not permit defendants sentenced under the career offender guidelines to seek relief under § 3582(c). See, e.g., United States v. Fritz, -- F. App'x --, 2015 WL 6390416, at *1 (4th Cir. Oct. 22, 2015); United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010) ("[A] district court lacks the authority to grant a motion for a reduced sentence under [the applicable amendment] if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision." (footnote omitted)). That is, even though the guidelines for the underlying drug offenses have changed, Amendment 782 has no effect on defendants sentenced pursuant to the career offender guidelines because the career offender guidelines themselves have not "subsequently been lowered" by the Sentencing Commission.

Moreover, the Fourth Circuit has recently rejected Rhodes' exact argument, albeit in the context of a motion to vacate under 28 U.S.C. § 2255: specifically, the Court of Appeals held that a career offender designation subsequently nullified by the en banc decision in Simmons is not a "fundamental miscarriage of justice" warranting vacation of a defendant's sentence. United States v. Foote, 784 F.3d 931, 941-942 (4th Cir. 2015). In Foote, the Fourth Circuit emphasized that "district courts are

4

free to vary from the career-offender-based sentencing range," and because of the advisory nature of the guidelines, the district court would be free to impose the same sentence on remand, even without applying the career offender enhancement, because it was "within the statutory limits." Id. at 941-943. The court also noted that, although several other circuits have addressed the issue, not one has found that "a challenge to one's change in career offender status, originally determined correctly under the advisory Guidelines, is cognizable on collateral review." Id. at 939 (emphasis added). Furthermore, our sister district courts within the Fourth Circuit that have considered arguments identical to Rhodes' have found that, given the Fourth Circuit law, Simmons claims provide "no...basis for reduction pursuant to § 3582." Newby v. United States, 2014 WL 309442, at *2 (E.D.N.C. Jan. 28, 2014), vacated on other grounds, 575 F. App'x 101 (4th Cir. 2014); see also United States v. Greer, 2015 WL 3457566 (S.D.W. Va. Mar. 10, 2015) (finding that Defendant's Simmons claim could only be brought under § 2255, and § 3582(c) afforded him no relief); United States v. Floyd, 2013 WL 105020 (D.S.C. Jan. 9, 2013) (same).

Thus, it is well-settled that Amendment 782 does not apply to Rhodes, because he was sentenced under the career offender guidelines, so to the extent Rhodes' claim relies on Amendment 782, that argument must fail. Given that Amendment 782 does not

5

apply, Rhodes does not otherwise contend that he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and he therefore does not qualify for relief under § 3582(c). Furthermore, Simmons does not allow Defendant to bypass this criterion.[1] See, e.g., Greer, 2015 WL 3457566, at *2. Even though Rhodes may no longer be properly classified as a career offender, that does not negate the fact that Rhodes' sentence was "originally determined correctly under the advisory [career offender] Guidelines," and those guidelines have not since been amended. Foote, 784 F.3d at 939. Thus, Rhodes is ineligible for relief under § 3582(c)(2).

Indeed, even Rhodes admits that § 3582(c)(2) "may appear to be an improper vehicle for raising challenges to the career offender guidelines." (Def. Mot. at 8). However, Rhodes argues that, notwithstanding the apparent inapplicability of § 3582(c)(2), the Court should grant Rhodes' request for a sentence reduction because neither direct appeal nor § 2255

---

[1] The district courts in Floyd and Greer chose to consider the defendants' Simmons claims under § 2255, even though they were nominally brought pursuant to § 3582(c), because § 2255 is the proper vehicle for challenging the validity of one's sentence, and "the subject matter of the motion, not its label, determines its status." Floyd, 2013 WL 105020, at *2. To the extent the Court interprets Rhodes' motion as properly brought under § 2255, Rhodes' claims fail for the reasons set forth in the Court's previous Memorandum Opinion on the subject. (ECF No. 149).

provide viable options, for the reasons discussed above. However, the mere fact that Rhodes has exhausted his other avenues for relief without success does not allow the Court to recognize the novel claim asserted here. Therefore, Rhodes' motion will be denied.

**CONCLUSION**

For the reasons set forth herein, Defendant's MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c) will be denied.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November __19__, 2015